[No. 11321-3-III.   Division Three.   March 19, 1992.]

JANITA WOMBLE, *Respondent*, v. LOCAL UNION 73, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, *Appellant*.

*Steven A. Crumb* and *Crumb & Casey P.S.,* for appellant.

*Lawrence Craig Smith* and *Dean, Smith & Hemingway,* for respondent.

SWEENEY, J. — Local 73 of the International Brotherhood of Electrical Workers AFL-CIO (Union) appeals an adverse judgment for breach of its duty of fair representation. The Union contends the court applied an incorrect standard of proof and there is no basis in law for the award of damages or attorney fees. We reverse and remand.

## FACTUAL SUMMARY

Ms. Womble was an employee of Columbia Lighting in Spokane and a member of the Union.[1] During her employment, Ms. Womble took lengthy medical leaves. In August of 1982, Columbia Lighting placed Ms. Womble on a 90-day medical leave for a nonjob related injury. On July 13, 1983, Columbia Lighting informed Ms. Womble it would no longer extend her leave and terminated her employment.

Ms. Womble filed a grievance through the Union pursuant to its collective bargaining agreement with Columbia Light-

---

[1]Because of the scant record on review, it is necessary to refer to the court's memorandum opinion to develop the factual context of this appeal.

ing. The Union represented Ms. Womble throughout the grievance process. Union representatives met with Columbia Lighting representatives through late September or early October of 1983. The Union did not demand arbitration, the final step in the grievance process, but rather chose to continue negotiations with Columbia Lighting's representatives. The Union eventually demanded arbitration. The demand was untimely. The arbitrator so ruled and dismissed the grievance. Ms. Womble obtained other employment at a reduced salary.

Ms. Womble filed this action for breach of duty of fair representation against the Union. She argued the Union's failure to timely demand arbitration was the failure of a purely ministerial act which precluded further proceedings, citing *Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270 (9th Cir. 1983). The court concluded, on the basis of *Dutrisac*, the Union had breached its duty of fair representation.

The court awarded Ms. Womble damages for lost wages, attorney fees and costs. The Union moved to reconsider on the basis the court had applied erroneous standards of proof to the issues of the Union's duty of fair representation and damages. The court denied the Union's motion for reconsideration. This appeal followed.

ISSUES

(1) Is simple negligence sufficient to support a cause of action for breach of a duty of fair representation against a union or must the union member prove the union's conduct is discriminatory, arbitrary, or in bad faith? (2) What is the proper measure of damages for breach of a duty of fair representation? (3) Is a union member who prevails in an action for breach of a duty of fair representation entitled to attorney fees?

STANDARD OF REVIEW

■ Because these issues involve questions of law, the standard of review is de novo. *Parker Roofing Co. v. Pacific*

*First Fed. Sav. Bank,* 59 Wn. App. 151, 156, 796 P.2d 732 (1990).

## DUTY OF FAIR REPRESENTATION

■ Courts have imposed a duty of fair representation on unions because of their status as the exclusive bargaining agent for their members. *Vaca v. Sipes,* 386 U.S. 171, 177, 17 L. Ed. 2d 842, 87 S. Ct. 903 (1967); *Peterson v. Kennedy,* 771 F.2d 1244, 1253 (9th Cir. 1985), *cert. denied,* 475 U.S. 1122 (1986); *Allen v. Seattle Police Officers' Guild,* 100 Wn.2d 361, 371-72, 670 P.2d 246 (1983). A union breaches its duty of fair representation when its conduct is discriminatory, arbitrary, or in bad faith. *Vaca,* 386 U.S. at 177; *Peterson,* at 1253; *Allen,* at 375; *Lindsey v. Municipality of Metro Seattle,* 49 Wn. App. 145, 148, 741 P.2d 575, *review denied,* 109 Wn.2d 1016 (1987). A union breaches this duty when it arbitrarily ignores a meritorious grievance or processes it in a perfunctory fashion. *Vaca,* 386 U.S. at 191. Negligence alone is not sufficient. *Eichelberger v. NLRB,* 765 F.2d 851 (9th Cir. 1985), and cases cited therein.

Ms. Womble's reliance on *Dutrisac v. Caterpillar Tractor Co., supra,* is misplaced. That case has been limited to its facts. There, the union filed an arbitration demand 2 weeks past a filing deadline. Because the union's actions were "unexplained and unexcused", the court concluded the union had breached its duty of fair representation. *Dutrisac,* at 1273.

In *Eichelberger v. NLRB, supra,* the Ninth Circuit revisited *Dutrisac* noting that "*Dutrisac* seemingly represents an abrupt divagation in the trend of authority, . . ." characterizing it a "seeming aberrance". *Eichelberger,* at 855. The court distinguished *Dutrisac* on its facts and reaffirmed the rule that " 'negligent action or nonaction of a union by itself will not be considered to be arbitrary, irrelevant, invidious, or unfair so as to constitute a breach of the duty of fair representation . . .". *Eichelberger,* at 854-55.

Even *Dutrisac* suggests that more than mere failure to meet a filing deadline is required. There, the court found the failure to be unexplained and unexcused. *Dutrisac*, at 1273. Here, the court found Ms. Womble met her burden of proving a breach based exclusively on the Union's failure to timely file the arbitration demand. It concluded as a matter of law "[t]hat Janita Womble is not required to prove . . . the Union's actions . . . are without rational basis, unexplained or unexcused." We disagree. More than proof of negligence is required to establish the breach of a union's duty of fair representation.

■ Moreover, the court's findings of fact are silent on the merits of Ms. Womble's grievance. In the absence of a specific finding on a particular issue, an appellate court may look to the court's written memorandum opinion to determine the basis for the court's resolution of the issue. *In re Marriage of Griffin*, 114 Wn.2d 772, 777, 791 P.2d 519 (1990). The court acknowledged in its memorandum opinion the Union's concern that Ms. Womble's claim was tenuous at best.[2] It suggests this concern prompted the Union's continued negotiation efforts.[3] Additionally, it recognized the Union "did not wilfully attempt to damage or harm Ms. Womble. . . . [although] the end result [was caused by] the Union's negligent failure to act . . .". The court applied a standard of negligence. It made no findings regarding the reasons for the Union's actions. The court must find the Union's conduct was discriminatory, arbitrary, or in bad faith before it can conclude the Union breached its duty of fair representation.

## DAMAGES

Since we remand this case for further proceedings, we address the issue of damages if the court concludes the Union breached its duty of fair representation.

---

[2]"It seems to the Court that we're taking as a fact the Union's position that her claim was tenuous at best, . . .". Memorandum opinion, at 6.

[3]"The Union had been successful in processing numerous claims on this type of an informal basis and felt that this was the best course of action to pursue in connection with this particular claim." Memorandum opinion, at 2.

■ To recover money damages in a fair representation suit against a union, the employee must prove: (1) the employer's action violated the terms of the collective bargaining agreement and (2) the union breached its duty of fair representation. *Chauffeurs, Teamsters & Helpers Local 391 v. Terry*, 494 U.S. 558, 563, 108 L. Ed. 2d 519, 110 S. Ct. 1339, 1344 (1990); *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 164-65, 76 L. Ed. 2d 476, 103 S. Ct. 2281 (1983). In *San Francisco Web Pressmen & Platemakers' Union 4 v. NLRB*, 794 F.2d 420, 424 (9th Cir. 1986), employees argued they should not have to prove wrongful discharge to establish union liability. The court disagreed, stating:

> The language and reasoning of the cases refer to union liability for backpay as well. In addition, our circuits, other circuits, and the Board have required a showing that the employer breached the collective bargaining agreement before holding the union liable for backpay.

*San Francisco Web*, at 424.

■ If the employee proves wrongful discharge by the employer and a breach of a duty of fair representation by the union, and damages, the issue then becomes one of allocating the damages between the employer and the union. An employer and a union are jointly and proportionately liable for backpay when the employer has caused damage by wrongfully discharging the employee and the union has increased that damage by breaching its duty of fair representation. *San Francisco Web*, at 424. The employer is liable for backpay from the date of the wrongful termination to the date the employee would have been reinstated had the union not breached its duty, and the union is liable for backpay thereafter. *San Francisco Web*, at 424.

Here, the court made no findings regarding either the merits of Ms. Womble's claim for wrongful termination against her employer or when she would have been reinstated. It nevertheless awarded her damages for wrongful termination. If the wrongful termination claim against her employer is without merit, Ms. Womble is not entitled to damages.

ATTORNEY FEES

Finally, we address the Union's objection to the trial court's award of attorney fees.

█ Attorney fees are not properly awarded unless authorized by statute, contract or permitted under some recognized exception.[4] *Summit Vly. Indus., Inc. v. Local 112, United Bhd. of Carpenters*, 456 U.S. 717, 721, 72 L. Ed. 2d 511, 102 S. Ct. 2112 (1982); *Seattle Times Co. v. Seattle Mailer's Union 32*, 664 F.2d 1366, 1370 (9th Cir. 1982). In *Dutrisac*, at 1276, the court awarded attorney fees as damages. Fees were not awarded for the underlying action against the union, but rather as damages incurred by the employee in pursuing his claim against the employer for violation of the collective bargaining agreement. The legal fees incurred by the employee in the action against his employer was thus the harm suffered because of the union's breach. *Dutrisac*, at 1275. Here, the award was improper.

We reverse and remand for further proceedings consistent with this opinion.

THOMPSON, A.C.J., and MUNSON, J., concur.

Review denied at 119 Wn.2d 1018 (1992).

---

[4]The Ninth Circuit has recognized two such exceptions based on *Hall v. Cole*, 412 U.S. 1, 36 L. Ed. 2d 702, 93 S. Ct. 1943 (1973): (1) the opposing party acted in bad faith and (2) the action benefited the union and its members. *Rollison v. Hotel, Motel, Restaurant & Constr. Camp Employees, Local 879*, 677 F.2d 741, 748 (9th Cir. 1982). Neither of these circumstances is present here.